**FILED**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION**

JUL 2 0 2011 

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ILLINOIS<br>*Ex rel.*<br>Maria Ibarra<br><br>　　　　　Relator,<br><br>v.<br><br>MARKING SPECIALISTS CORP. and ALFREDO ZAVALA, individually,<br><br>　　　　　Defendants. | 11-cv-04883<br>Judge James F. Holderman<br>Magistrate Judge Susan E. Cox<br><br>**FILED UNDER SEAL<br>PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS BOX**<br><br>**DO NOT ENTER ON PACER** |

## FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1.　　Maria Ibarra ("Relator") brings this action on behalf of the United States of America and the state of Illinois against Defendants for treble damages and civil penalties arising from Marking Specialists Corp.'s ("MSC" or "Company") and Alfredo Zavala's (collectively "Defendants") false statements and false claims in violation of the Civil False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the Illinois False Claims Act, 740 Ill. Comp. Stat. 175/1 *et seq.* The violations arise out of false certifications in contracts with the State of Illinois and mischarging for materials not actually used in contracts with the State of Illinois for construction performed on federally, state, and locally funded public works projects. This action also arises under the Illinois Prevailing Wage Act, 820 Ill. Comp. Stat. 130/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.*, for Defendants' failure to properly pay all wages due to Relator at the generally prevailing hourly rate for work Relator performed on various public works.

2. As required by the False Claims Act, 31 U.S.C. § 3730(b)(2) and 740 Ill. Comp. Stat. 175 et seq., the Relator has provided to the Attorney General of the United States, the United States Attorney for the Northern District of Illinois, and the Attorney General of the State of Illinois a statement of all material evidence and information related to the complaint. This disclosure statement is supported by material evidence known to Relator at her filing establishing the existence of Defendants' false claims. Because the statement includes attorney-client communications and is the work product of Relator's attorneys, and is submitted to the Attorney General, United States Attorney, and Attorney General of Illinois in their capacity as potential co-counsel in the litigation, the Relator understands this disclosure to be confidential.

## Jurisdiction and Venue

3. This action arises under the False Claims Act, 31 U.S.C. §§ 3729 et seq., Illinois False Claims Act, 740 Ill. Comp. Stat. 175, the Illinois Prevailing Wage Act, 820 Ill. Comp. Stat. 130/1, et seq. ("IPWA") and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, et seq. ("IWPCA"). This court has jurisdiction over this case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This Court also has jurisdiction pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a), because the acts proscribed by 31 U.S.C. §§ 3729 et seq. and complained of herein took place in this district, and is also proper pursuant to 28 U.S.C. § 1391(b) and (c), because at all times material and relevant, Defendants transact and transacted business in this District.

## Parties

5. Relator Maria Ibarra is a citizen of the United States and a resident of the State of Illinois. From 1996 until May 2011, Relator was an employee of Defendants. Relator brings this action based on her direct, independent, and personal knowledge and also on information and belief.

6. Relator is an original source of this information to the United States and the State of Illinois. She has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under the False Claims Act which is based on the information.

7. Within the prior (5) years, Relator has been Defendants' "employee" as defined by the IWPCA, 820 Ill. Comp. Stat. 115/2 and was a laborer directly employed by Defendants as defined in the IPWA, 820 Ill. Comp. Stat 130/3

8. The United States of America ("U.S.") funds the construction and maintenance of the national highway system through the U.S. Department of Transportation, the Federal Highway Administration, and through federally funded grants administered the Illinois Department of Transportation ("IDOT"). IDOT also manages and coordinates state funds to match federal funding on highway construction and maintenance projects.

9. Illinois provides a portion of the funding for the construction and maintenance of highways through the IDOT. Federal law mandates that states contribute at least 10% of funds for federally funded highway projects. 23 U.S.C. § 120(a)(1). Counties and local governments in Illinois also fund the construction and maintenance of highways, often through their own transportation departments. 605 Ill. Comp. Stat 5/1 et seq. IDOT, counties, and local governments enter into contracts for such construction and maintenance.

10. MSC is a local contractor who contracts regularly with IDOT, counties and/or local transportation departments to provide and install markings on pavements on locally, state, and federally funded projects.

11. Zavala is the owner of Defendant MSC. Defendant Zavala is involved in the day to day business operations of Defendant MSC. Among other things, Defendant Zavala has the authority to, and does, sign contracts on behalf of Defendant MSC; hire and fire employees; direct and supervise the work of employees; make or participate in decisions regarding employee compensation, and sign on Defendant MSC's checks.

12. Defendants employ numerous laborers on construction projects and pay them with funds received from IDOT who in turn is reimbursed by the federal government and funds raised by county and/or local and/or local departments of transportation. Defendants also employ laborers on construction projects and pay them with funds received from county and/or local governments.

**Facts Common to All Counts**

13. Relator was an employee of Defendants from on or around June 1996 until on or around May 2011. Her primary duties involved applying paint, tape or thermoplastic to roadway surfaces.

14. During the course of her employment, she learned that the Defendants were paying all employees below the prevailing rate for work performed on locally, state and federally funded projects.

15. The Davis Bacon and Related Acts ("DBRA"), 40 U.S.C. § 276a, provides that laborers employed on any "building or work financed in whole or in part by loans or grants from the United States" must be paid at the federal prevailing wage rate.

16. The federal highway statute mandates that "all laborers and mechanics employed by contractors or subcontractors on the construction work performed on highway projects on the Federal-aid highways authorized under the highway laws providing for the expenditure of Federal funds upon the Federal-aid systems, shall be paid wages at rates not less than those prevailing on the same type of work on similar construction in the immediate locality as determined by Secretary of Labor." 23 U.S.C. § 113(a).

17. Under federal law, each state must have a department which manages the highway system and construction projects within the state and controls the receipt and distribution of federal funds for highway construction and maintenance purposes. 23 U.S.C. § 302. In Illinois, IDOT is the responsible agency. 605 Ill. Comp. Stat. 5/4. IDOT is responsible for accepting bids from contractors for all federally funded highway projects and selecting the winner of each bidding contest in addition to determining the terms of each contract. 605 Ill. Comp Stat. 5/4-103.

18. All bid proposals to perform work on federally funded highway projects must include the prevailing wage. 23 U.S.C. § 113(b). Contractors must continuously certify their compliance with the prevailing wage in weekly reports. 29 C.F.R. §§ 3.3 and 3.4.

19. The IPWA mandates that contractors performing work on any state funded project certify on a monthly basis that the project is in compliance with state determined prevailing wage levels. 820 Ill. Comp. Stat 130/5.

20. Between June 2006 and May 2011, Defendants submitted bids for and received contracts with IDOT to perform construction work on federally and state funded projects.

21. As part of their contract bids with IDOT, Defendants falsely certified that they would pay their laborers at the federal prevailing rate or the state prevailing rate for each contract.

22. As part of the performance of the work for each contract, Defendants continually certified that they were in compliance with the prevailing wage requirements.

23. Defendants failed to pay their employees working on the IDOT contracts at the federal or state prevailing wage rate.

24. By certifying that they were paying their employees at the federal prevailing rate and then not actually paying the prevailing rate, Defendants provided false certification to secure payment on contracts funded by the United States and Illinois.

25. As a result of the Defendants' false certifications, Illinois made payments to the Defendants with state funding. Additionally, as a result of Illinois' payments to Defendants, Illinois sought and received reimbursement from the U.S. for the costs of the contract.

26. Between June 2006 and December 2009, Defendants submitted bids for and received contracts with the transportation departments of various counties and local governments.

27. As part of their contract bids with the counties, Defendants falsely certified that they would pay their laborers at the state prevailing rate.

28. However, Defendants failed to pay their employees working on the county and/or local government contracts at the state prevailing rate.

29. By certifying that they were paying their employees at the prevailing rate and then not actually paying the prevailing rate, Defendants provided false certification to secure payment on contracts funded by county and/or local governments.

30. As a result of the Defendants' false certifications, county and/or local governments made payments to the Defendants with county and/or local funding.

31. Relator also discovered, from her own observations and from information provided to her by her supervisor, that Defendants were applying epoxy marking material to certain federally funded projects where the more expensive polyurea material had been stipulated in the contract.

32. As the agency responsible for managing the construction and maintenance of highways in Illinois, IDOT is also responsible for determining what materials should be used on construction projects, including pavement marking materials. 605 Ill. Comp. Stat. 5/4-101.5.

33. Between June 2006 and May 2011, Defendants bid successfully for contracts to apply polyurea marking materials on highway construction projects for IDOT, as well as on county and local road projects.

34. Defendants instead applied an epoxy marking material, a substantially cheaper materially that differed substantially from the material specified in the bidding contract.

35. By substituting in a cheaper substance, Defendants both failed to comply with the terms of the contract and also received compensation for a more expensive material than the material actually used.

36. By substituting the less expensive epoxy material for the polyurea, Defendants caused IDOT and county and/or local governments to compensate them for materials not actually utilized in the construction process.

37. As a result of the substitution of products by the Defendants, IDOT sought and received reimbursement from the U.S. for work not actually performed on an inflated contract price.

## Count I – False Certification of Prevailing Wages on Federally Funded Contracts under the Civil False Claims Act, 31 U.S.C. § 3729 *et seq.* against Defendant MSC only

38.  Relator re-alleges and incorporates the allegations for paragraphs 1-37 as if fully set forth herein.

39.  Defendants made knowingly false certifications in bidding regarding their payment of prevailing wage rates to laborers engaged in federally funded construction projects on public works..

40.  Defendants falsely concealed the actual wage rate at which they were compensating their laborers to obtain payment on contracts entered into with IDOT and funded by the U.S.

41.  This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 et seq.

42.  The U.S. Government unaware of the falsity of the certification, and in reliance on the accuracy thereof, was damaged to the extent that these funds paid for contracts whose terms had been violated.

WHEREFORE, Relator respectfully requests this Court to enter judgment against Defendant MSC, as follows:

(a)  That the U.S. be awarded damages in the amount of three times the damages sustained by the U.S. because of the false claims and fraud alleged within this Complaint, as the Civil False Claims Act, 31 U.S.C. §§ 3729 *et seq.* provides;

(b)  That civil penalties of $11,000 be imposed for each and every false claim that Defendant presented to the U.S. and/or its grantees;

(c)  That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and pressing this case;

(d)  That the Court grants permanent injunctive relief to prevent any recurrence of the False Claims Act for which redress is sought in this Complaint;

(e)  That the Relator be awarded the maximum amount allowed to her pursuant to the False Claims Act; and

(f)  That this Court awards such other and further relief as it deems just and proper.

### Count II – False Certification of Prevailing Wages on County and/or Locally Funded Contracts under the Illinois False Claims Act, 740 Ill. Comp. Stat. 175/1 *et seq.* against Defendant MSC only

43. Relator re-alleges and incorporates the allegations for paragraphs 1-42 as if fully set forth herein.

44. Defendants made knowingly false certifications in bidding regarding their payment of prevailing wage rates to laborers engaged in county and/or locally funded construction projects on public works.

45. Defendants also made knowingly false certifications in a grant application regarding their payment of prevailing wage rates to laborers engaged in IDOT construction projects on public works which were also funded at least 10% by state funds.

46. Defendants falsely concealed the actual wage rate at which they were compensating their laborers to obtain payment on contracts entered into with IDOT and county and/or local governments.

47. This course of conduct violated the Illinois False Claims Act, 740 Ill. Comp. Stat. 175/1 et seq.

48. The State of Illinois, as well as county and/or local governments, unaware of the falsity of the certification, and in reliance on the accuracy thereof, were damaged to the extent that these funds paid for contracts whose terms had been violated.

WHEREFORE, Relator respectfully requests this Court to enter judgment against Defendant MSC, as follows:

(a) That Illinois be awarded damages in the amount of three times the damages sustained by Illinois. because of the false claims and fraud alleged within this Complaint, as the Illinois False Claims Act, 740 Ill. Comp. Stat. 175, provides;

(b) That civil penalties of $11,000 be imposed for each and every false claim that Defendant presented to Illinois;

(c) That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and pressing this case;

(d) That the Court grants permanent injunctive relief to prevent any recurrence of the Illinois False Claims Act for which redress is sought in this Complaint;

(e) That the Relator be awarded the maximum amount allowed to her pursuant to the Illinois False Claims Act; and

(f) That this Court awards such other and further relief as it deems just and proper.

**Count III – False Billings for Materials Not Utilized on Federally Funded Contracts under the Civil False Claims Act, 31 U.S.C. § 3729 *et seq.* against Defendant MSC only**

49. Relator re-alleges and incorporates the allegations for paragraphs 1-48 as if fully set forth herein.

50. Defendants knowingly falsely represented that a specific pavement marking material was utilized on construction projects when that material was not in fact used.

51. Defendants made these misrepresentations to obtain payment of funds to which they would otherwise not have been entitled.

52. This course of conduct violated the False Claims Act, 31 U.S.C. § 3729 et seq.

53. The U.S. Government, unaware of the falsity of the claims and/or statement, and in reliance on the accuracy thereof, was damage to the extent that these funds paid for materials which were more expensive than the materials actually applied.

WHEREFORE, Relator respectfully requests this Court to enter judgment against Defendant MSC, as follows:

(a) That the U.S. be awarded damages in the amount of three times the damages sustained by the U.S. because of the false claims and fraud alleged within this Complaint, as the Civil False Claims Act, 31 U.S.C. §§ 3729 et seq., provides;

(b) That civil penalties of $11,000 be imposed for each and every false claim that Defendant presented to the U.S. and/or its grantees;

(c) That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and pressing this case;

(d) That the Court grants permanent injunctive relief to prevent any recurrence of the False Claims Act for which redress is sought in this Complaint;

(e) That the Relator be awarded the maximum amount allowed to her pursuant to the False Claims Act; and

(f) That this Court awards such other and further relief as it deems just and proper.

**Count IV – False Billings for Materials Not Utilized on County and/or Locally Funded Contracts under the Illinois False Claims Act, 740 Ill. Comp. Stat. 175/1 *et seq.* against Defendant MSC only**

54. Relator re-alleges and incorporates the allegations for paragraphs 1-53 as if fully set forth herein.

55. Defendants knowingly falsely represented that a specific pavement marking material was utilized on construction projects when that material was not in fact used.

56. Defendants made these misrepresentations to obtain payment funds to which they would otherwise not have been entitled.

57. This course of conduct violated the Illinois False Claims Act, 740 Ill. Comp. Stat. 175/1 et seq.

58. The State of Illinois, as well as county and/or local governments, unaware of the falsity of the claims and/or statement, and in reliance on the accuracy thereof, were damaged to the extent that these funds paid for materials which were more expensive than the materials actually applied.

WHEREFORE, Relator respectfully requests this Court to enter judgment against Defendant MSC, as follows:

(a) That Illinois be awarded damages in the amount of three times the damages sustained by Illinois because of the false claims and fraud alleged within this Complaint, as the Illinois False Claims Act, 740 Ill. Comp. Stat. 175/1 *et seq.*, provides;

(b) That civil penalties of $11,000 be imposed for each and every false claim that Defendant presented to Illinois;

(c) That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and pressing this case;

(d) That the Court grants permanent injunctive relief to prevent any recurrence of the Illinois False Claims Act for which redress is sought in this Complaint;

(e)  That the Relator be awarded the maximum amount allowed to her pursuant to the Illinois False Claims Act; and

(f)  That this Court awards such other and further relief as it deems just and proper.

### Count V – Violation of Illinois Prevailing Wage Act against all Defendants

59. Relator re-alleges and incorporates the allegations for paragraphs 1-58 as if fully set forth herein.

60. Relator worked for Defendants as a laborer on public works, and was therefore entitled to be paid at the general prevailing hourly rate pursuant to the IPWA.

61. During her employment, there were public works projects for which Defendants failed to pay Relator at the Prevailing Rate.

62. Rather, Defendants paid Relator at a rate below the prevailing rate.

63. The Defendants' actions in failing to pay the prevailing wage rate constitute a violation of the Illinois Prevailing Wage Act, 820 Ill. Comp. Stat. 130/1, *et seq.*

WHEREFORE, Relator respectfully requests this Court to enter judgment against Defendants, as follows:

(a)  Awarding judgment in an amount equal to all wages due pursuant to the IPWA;

(b)  Awarding prejudgment interest on the unpaid wages pursuant to the formula set forth in 815 Ill. Comp. Stat. 205/2;

(c)  Awarding punitive damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 130/11;

(d)  Awarding reasonable attorneys' fees and costs incurred by Relator in filing this action; and

(e)  Awarding such additional relief as the Court may deem just and proper.

## Count VI – Violation of the Illinois Wage Payment and Collection Act against all Defendants

64. Relator incorporates Paragraph 1-63 as though fully set forth herein.

65. Defendants were obligated to pay Relator the federal or state prevailing wage for all hours worked on public projects.

66. During the course of her employment, Defendants did not pay Relator the proper hourly rate that she was due for all hours she worked each week.

67. Defendants violated the IWPCA by failing to properly compensate Relator for all of the hours worked each week.

68. Relator has been harmed by Defendants' violations of the IWPCA.

WHEREFORE, Relator respectfully requests this Court to enter judgment against Defendants, as follows:

(a) Entering judgment in the amount of all unpaid wages owed to Relator pursuant to the IWPCA;

(b) Awarding prejudgment interest on the unpaid wages pursuant to the formula set forth in 815 Ill. Comp. Stat. 205/2;

(c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

(d) Awarding reasonable attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. 115/14(a);

(e) Entering an injunction precluding Defendants from violating the IWPCA; and

(f) Awarding such additional relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Relator, on behalf of herself and the United States, demands a jury trial on all claims alleged herein.

Dated: July 20, 2011

Alejandro Caffarelli, #06239078
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231

Respectfully submitted,

MARIA IBARRA,

By: _____
Attorney for Relator